FILED

NOV 12 2019

CLERK U.S. DISTRICT COU[RT]
WEST. DIST. OF PENNSYLVA[NIA]

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA )
)
v. ) Criminal No. 19-342
)
MAKSIM V. YAKUBETS ) **(UNDER SEAL)**
a/k/a Aqua )
a/k/a Aquamo )
a/k/a Carlos )
a/k/a Shluhnet )
a/k/a 388888 )
IGOR TURASHEV )
a/k/a Igor Tueashev )
a/k/a Enki )
a/k/a Parasurama )
a/k/a Nintutu )
a/k/a Vzalupkin )
a/k/a Vasya Zaluplin )
a/k/a Diananbeauty )
a/k/a domain.access )
a/k/a Tigrr )
a/k/a Tigrruz )

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Scott W. Brady, United States Attorney for the Western District of Pennsylvania, and Shardul S. Desai, Assistant United States Attorney for said District, and submits this Indictment Memorandum to the Court:

## I. THE INDICTMENT

A federal grand jury returned a ten-count indictment against the above-named defendants for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy<br>In or around November 2011 to the present | 18 U.S.C. § 371 |

| | | |
|---|---|---|
| 2 | Fraud Conspiracy<br>In and around November 2011 to in and around March 2017 | 18 U.S.C. § 1349 |
| 3 | Bank Fraud<br>On or about December 16, 2011 | 18 U.S.C. §§ 1344 and 2 |
| 4 | Bank Fraud<br>On or about August 31, 2012 | 18 U.S.C. §§ 1344 and 2 |
| 5 | Bank Fraud<br>On or about September 4, 2012 | 18 U.S.C. §§ 1344 and 2 |
| 6 | Wire Fraud<br>On or about November 8, 2011 | 18 U.S.C. § 1343 |
| 7 | Wire Fraud<br>On or about March 19, 2019 | 18 U.S.C. § 1343 |
| 8 | Intentional Damage to a Computer<br>On or about February 18, 2019 | 18 U.S.C. §§ 1030(a)(5)(A), 1030(c)(4)(B)(i), and 2 |
| 9 | Intentional Damage to a Computer<br>On or about March 4, 2019 | 18 U.S.C. §§ 1030(a)(5)(A), 1030(c)(4)(B)(i), and 2 |
| 10 | Intentional Damage to a Computer<br>On or about March 19, 2019 | 18 U.S.C. §§ 1030(a)(5)(A), 1030(c)(4)(B)(i), and 2 |

## II. ELEMENTS OF THE OFFENSES

### A. As to Count 1: Conspiracy

In order for the crime of Conspiracy, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That two or more persons agreed to commit offenses against the United States, as charged in the indictment;

2. That the defendant was a party to or member of that agreement;

3. That the defendant joined the agreement or conspiracy knowing of its objectives to commit objectives against the United States and intending to join together with at least one other alleged conspirator to achieve those objectives that is, that the defendant and at least one other alleged conspirator shared a unity of purpose and the intent to achieve common goals or objectives, to commit offenses against the United States; and

4. That at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

Third Circuit Model Criminal Jury Instruction 6.18.371A.

**B. As to Count 2: Fraud Conspiracy**

In order for the crime of Fraud Conspiracy, in violation of 18 U.S.C. § 1349, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the conspiracy, agreement, or understanding to commit violations of 18 U.S.C. §§ 1341, 1343, 1344, 1347 or 1348 as described in the Indictment, was formed, reached, or entered into by two or more persons.

2. At some time during the existence of the conspiracy, agreement or understanding, the defendant knew the purpose of the agreement, and, with that knowledge, then deliberately joined the conspiracy, agreement or understanding.

> O'Malley, Grenig and Lee, 2 Federal <u>Jury Practice and Instructions</u> § 31.03 (2002) (revised to exclude overt act requirement, see <u>Whitfield v. United States</u>, 125 S.Ct. 687, 691 (2005); <u>United States v. Shabani</u>, 513 U.S. 10, 16 (1994)).

**C. As to Counts 3-5: Bank Fraud**

In order for the crime of Bank Fraud, in violation of 18 U.S.C. § 1344, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly executed a scheme to obtain the money, funds or other property owned by or under the control of First Commonwealth Bank and First National Bank by means of material false or fraudulent pretenses, representations or promises as detailed in Counts 3-5 of the indictment;

2. That the defendant did so with the intent to defraud First Commonwealth Bank and First National Bank; and

3. That First Commonwealth Bank and First National Bank was then insured by the Federal Deposit Insurance Corporation.

Third Circuit Model Criminal Jury Instruction 6.18.1344.

**D. As to Counts 6-7: Wire Fraud**

In order for the crime of Wire Fraud, in violation of 18 U.S.C. § 1343, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant devised a scheme to defraud or to obtain money or property by materially false or fraudulent pretenses, representations or promises or wilfully participated in such a scheme with knowledge of its fraudulent nature;

2. That the defendant acted with the intent to defraud; and

3. That in advancing, furthering, or carrying out the scheme, the defendant transmitted any writing, signal, or sound by means of a wire, radio, or television communication

in interstate commerce or caused the transmission of any writing, signal, or sound of some kind by means of a wire, radio, or television communication in interstate commerce.

Third Circuit Model Criminal Jury Instruction 6.18.1343.

**E. As to Counts 8-10: Intentional Damage to a Computer**

In order for the crime of Intentional Damage to a Computer, in violation of 18 U.S.C. § § 1030(a)(5)(A) and 1030(c)(4)(B)(i), to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. That the defendant knowingly caused the transmission of a program, information, code, command; and

2. That the defendant, as a result of such conduct, intentionally caused damage to a protected computer without authorization.

To prove a felony, an additional element is:

3. As a result of such conduct, the defendant (i) caused loss to 1 or more persons during a 1-year period aggregating at least $5,000 in value, (ii) caused the modification, impairment, or potential modification or impairment of the medical examination, diagnosis, treatment, or care of 1 or more individuals, (iii) caused physical injury to any person, (iv) threatened public health and safety, (v) damaged a computer used by or for an entity of the United States Government in furtherance of the administration of justice, national defense, or national security, or (vi) damaged 10 or more protected computers during a 1-year period.

Seventh Circuit Model Criminal Jury Instruction, 1030(a)(5)(A); Eighth Circuit Model Criminal Jury Instruction, 6.18.1030E.

## III. PENALTIES

**A.     As to Count 1: Conspiracy (18 U.S.C. § 371):**

1.      Individuals - The maximum penalties for individuals are:

(a)     imprisonment of not more than five (5) years;

(b)     a fine not more than the greater of:

(1)     $250,000

or

(2)     an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c)     a term of supervised release of not more than three (3) years (18 U.S.C. § 3583); and

(d)     Any or all of the above.

**B.     As to Count 2: Fraud Conspiracy (18 U.S.C. § 1349):**

1.      Individuals - The maximum penalties for individuals are:

(a)     imprisonment of not more than thirty (30) years;

(b)     a fine not more than the greater of:

(1)     $1,000,000 (18 U.S.C. § 1344);

or

(2)     an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the

sentencing process (18 U.S.C. § 3571(d));

(c) a term of supervised release of not more than five (5) years (18 U.S.C. §§ 3559 and 3583); and

(d) Any or all of the above.

**C. As to Counts 3-5: Bank Fraud (18 U.S.C. § 1344):**

1. Individuals - The maximum penalties for individuals are:

(a) imprisonment of not more than thirty (30) years;

(b) a fine not more than the greater of:

(1) $1,000,000 (18 U.S.C. § 1344);

or

(2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c) a term of supervised release of not more than five (5) years (18 U.S.C. §§ 3559 and 3583); and

(d) Any or all of the above.

**D. As to Count 6: Wire Fraud Affecting a Financial Institution (18 U.S.C. § 1343):**

1. Individuals - The maximum penalties for individuals are:

(a) imprisonment of not more than thirty (30) years;

(b) a fine not more than the greater of:

(1) $1,000,000 (18 U.S.C. § 1343);

or

(2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c) a term of supervised release of not more than five (5) years (18 U.S.C. §§ 3559 and 3583); and

(d) Any or all of the above.

**E. As to Count 7: Wire Fraud (18 U.S.C. § 1343):**

1. Individuals - The maximum penalties for individuals are:

(a) imprisonment of not more than twenty (20) years;

(b) a fine not more than the greater of:

(1) $250,000 (18 U.S.C. § 3571(b)(3));

or

(2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c) a term of supervised release of not more than three (3) years (18 U.S.C. § 3583);

(d) Any or all of the above.

**E. As to Counts 8-10: Intentional Damage to a Computer (18 U.S.C. §§ 1030(a)(5)(A) and 1030(c)(4)(B)(i)):**

1. Individuals - The maximum penalties for individuals are:

(a) imprisonment of not more than 10 years (18 U.S.C. § 1030(c)(4)(B)(i));

(b) a fine not more than the greater of:

(1) $250,000 (18 U.S.C. § 3571(b)(3));

or

(2) an alternative fine in an amount not more than the greater of twice the gross pecuniary gain to any person or twice the pecuniary loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

(c) a term of supervised release of not more than three (3) years (18 U.S.C. §§ 3559 and 3583); and

(d) Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Counts One to Two and Four to Ten, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664, unless agreed to by the parties, as here.

## VI. FORFEITURE

As provided in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

SCOTT W. BRADY
United States Attorney

/s/ Shardul S. Desai
SHARDUL S. DESAI
Assistant U.S. Attorney
DC Bar No. 990299